## Rhees *v.* Fairchild, Appellant.

*Commission to take testimony—Practice—Evidence.*

Instructions issued for the guidance of commissioners in taking testimony, are directory rather than mandatory, and depositions taken under a commission will not be excluded because, in some slight particulars, not affecting the merits of the case, the commissioner or officer taking the same may have neglected to comply with the formal instructions.

A deposition will not be excluded merely because the indorsement upon the commission was not under seal, and because the commissioner signed not as commissioner, but as notary public.

Argued March 13, 1894.  Appeal, No. 76, Jan. T., 1894, by defendant, A. C. Fairchild, from judgment of C. P. Bradford Co., Sept. T., 1892, No. 640, on verdict for plaintiff, R. T.

Rhees. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCH-ELL and DEAN, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before PECK, P. J. At the trial plaintiff made the following offer:

We now offer in evidence the depositions of R. T. Rhees, the plaintiff in this case, of John R. Brown and Andrew Wilson, taken before Daniel Hamer, commissioner in the city of Ogden and territory of Utah, on the 8th day of June, 1893, on commission and interrogatories.

Mr. Mercur: We object to the admission of the entire depositions on the grounds: (1) That the return is not in accordance with the letter of instructions. (2) That the return of the commissioner who executed the same as to the indorsement upon the commission is not under seal, as required by the letter of instructions. (3) That the certificate at the end of the commission is not in compliance with the letter of instructions; that the commission is issued to him as a commissioner and not as a notary public.

Objection overruled. Defendant excepts. Bill sealed. [1]

The indorsement upon the back of the first commission was as follows:

"This commission duly executed by me on the 8th day of June, A. D. 1893, as appears by the testimony, exhibit and my certificate and schedule hereto annexed.

(Signed)            "DANIEL HAMER,
                                "Commissioner."

The certificate at the end of the first set of depositions was in the following form, to wit:

"TERRITORY OF UTAH, )
  "County of Weber,  } ss.

"I, Daniel Hamer, the within appointed commissioner, do hereby certify that the foregoing depositions were duly taken before me at the time and place mentioned in caption; that the witnesses were first duly sworn by me before they were examined, when the interrogatories and cross-interrogatories were all severally read by me to them and their answers as given by them severally written down by me and read over to the witnesses, who subscribed the same in my presence. All interlineations and corrections marked by my initials opposite on the margin were made before signing by the witnesses.

" Witness my hand and seal this eighth day of June, A. D. 1893, at my office in Ogden City, Weber county, Utah territory.

[SEAL]          " DANIEL HAMER, [SEAL]

" Notary public, Weber county, Utah, and commissioner of the County Court of Common Pleas, Bradford county, Pennsylvania."

" I am informed by credible persons that the witness, G. S. Barker, is absent from this part of the country at this time.

" DANIEL HAMER, Commissioner."

We now offer in evidence the deposition of Theodore Robinson, taken by the same commissioner, in the city of Ogden and territory of Utah. Taken on commission and interrogatories.

Mr. Mercur : We object to the admission of the deposition on the grounds : (1) That the certificate on the back of the commission is not under seal, as required by the letter of instructions sent to the commissioner with the commission. (2) That the certificate at the end of the deposition is not in the form required by the letter of instructions.

Objection overruled. Defendant excepts. Bill sealed. [2]

The indorsement upon the back of the second commission was as follows :

" Execution of this commission appears by a certain schedule annexed hereto.

(Signed)    " DANIEL HAMER, Commissioner."

The certificate at the end of the second set of depositions was in the following form, to wit :

" TERRITORY OF UTAH,   }
   " County of Weber.    }  ss.

" I, Daniel Hamer, a notary public in and for the said county of Weber, and a commissioner of the County Court of Common Pleas of Bradford county, commonwealth of Pennsylvania, in a certain cause therein depending, wherein R. T. Rhees is plaintiff, and A. C. Fairchild, V. W. Grace, George Grace and S. G. Dye, copartners trading as Fairchild, Grace & Co., are defendants, do certify that the foregoing depositions were duly taken before me at the time and place mentioned in caption ; that the witness was first duly sworn by me before he was examined,

when the interrogatories and cross-interrogatories were all severally read by me to the said witness, and his answers, as given by him, written down by me and read over to the witness, who subscribed the same in my presence.

" Witness my hand and seal at my office in Ogden City, Utah territory, the day and year aforesaid.

[SEAL]        " DANIEL HAMER, [SEAL]

" Notary public, in and for Weber county, Utah territory, and a commissioner of the County Court of Common Pleas for Bradford county, commonwealth of Pennsylvania."

The letter of instructions to the commissioner provided for a seal to the indorsement, and directed a certificate similar to that to the first set of depositions above, omitting the sentence as to interlineations.

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting bills of exceptions, and formal parts of return as above, but not quoting the evidence.

*Rodney A. Mercur, Ulysses Mercur* with him, for appellant, cited: 2 Brewster's Pr. § 2517 ; Arnold v. Lightner, 11 Pa. C. C. R. 641 ; Withers v. Gillespy, 7 S. & R. 16 ; Neill's Est., 6 W. N. 256 ; Jenkins v. Anderson, 10 Cent. R. 377.

*S. W. & Wm. Little,* for appellee, not heard, cited : Kellum v. Smith, 39 Pa. 243 ; Nussear v. Arnold, 13 S. & R. 323 ; Rule 41 Equity Rules, 56 ; Gibbons' Ap., 104 Pa. 587 ; Act of May 25, 1874, P. L. 277.

PER CURIAM, March 26, 1894 :

We are not prepared to say that the learned trial judge erred in not rejecting the depositions mentioned in the first and second specifications.    Instructions, issued for the guidance of commissioners in taking testimony, are directory rather than mandatory, and while it is of course desirable that they should be substantially if not literally complied with, it would be a harsh rule of practice to exclude depositions, because, in some slight particulars, not affecting the merits of the case, the commissioner or officer, taking the same, may have neglected to

comply with the formal instructions. Some latitude of discretion must be accorded to trial judges in such cases. As was said by Mr. Justice THOMPSON in Kellum v. Smith, 39 Pa. 241, 243 : "It is a mistake to suppose that rules for commissions are to be rigidly construed against depositions, because testimony so taken is not supposed to be so satisfactory as the personal presence of the witness. While this may be conceded, it must be remembered that in a country composed of so many sovereign states, . . . . it is the only way of certainly obtaining testimony out of the state, although the witness may be within a few miles of the court, as is often the case. A bona fide substantial compliance, therefore, with the rules of court, requiring notice to be given, is not to be defeated by a mere technicality which could not eventuate in any possible injury to a party who desires nothing but fair play."

In this case there was no abuse of that discretion with which trial judges are necessarily invested in such cases.

Judgment affirmed.